Filed 1/4/23  P. v. Mosley CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JULIUS ANTOINE MOSLEY,<br><br>　　　Defendant and Appellant. | F083820<br><br>(Super. Ct. No. BF185981A)<br><br><br>**OPINION** |

<u>**THE COURT**</u>[*]

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, and Michael A. Canzoneri, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Poochigian, Acting P. J., Detjen, J. and Snauffer, J.

Defendant Julius Antoine Mosley pled no contest to two counts of assault with a semiautomatic firearm and admitted two personal use of a firearm allegations. Defendant was sentenced to a total term of 10 years four months in prison. On appeal, defendant argues he is entitled to the retroactive benefit of Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81), which added subdivision (c) to Penal Code section 1385,[1] and requires dismissal of all but one sentence enhancement in most cases. The People disagree, arguing that defendant is not entitled to the benefit of Senate Bill 81 because it is explicitly only prospective. We affirm.

**PROCEDURAL SUMMARY**

On August 10, 2021, the Kern County District Attorney filed an information charging defendant with two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 1 & 2). As to each count, the information further alleged that defendant personally used a firearm (§ 12022.5, subd. (a)).

On November 2, 2021, defendant pled no contest to both counts and admitted both firearm allegations upon the trial court's indication that it would impose an indicated sentence of 10 years four months.

On December 16, 2021, the trial court sentenced defendant to the indicated sentence as follows: on count 1, three years (the low term) plus a four-year firearm enhancement (the middle term); on count 2, two years (one-third the middle term) plus a 16-month firearm enhancement (one-third the middle term), consecutive to the term on count 1.

On January 25, 2022, defendant filed a notice of appeal.

---

[1] All statutory references are to the Penal Code.

## DISCUSSION[2]

Defendant contends that his sentence should be vacated, and the matter should be remanded, in light of Senate Bill 81's addition of subdivision (c) to section 1385. We disagree.

Effective January 1, 2022, Senate Bill 81 amended section 1385 to add subdivision (c) (Stats. 2021, ch. 721, § 1; Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a)), which provides, in part:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [listed] mitigating circumstances … are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(1)–(2).)

The mitigating circumstances listed in subdivision (c) of section 1385 include that "[m]ultiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B).)[3]

Defendant contends that the amendments affected by Senate Bill 81 are retroactive to his case pursuant to *In re Estrada* (1965) 63 Cal.2d 740. He is mistaken.

---

**2** Because defendant raises only sentencing-related issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

**3** The court in *People v. Sek* (2022) 74 Cal.App.5th 657, at page 674, footnote 7, explained that Senate Bill 81 appeared to contain a clerical error: "[t]he text of the law refers to certain subparagraphs (A) to (I) as part of subdivision (c)(2) of section 1385, but the text of the bill lists these subparagraphs under subdivision (c)(3). (Stats. 2021, ch. 721, § 1.)" Assembly Bill No. 200 (2021–2022 Reg. Sess.) corrected that clerical error by modifying section 1385 to renumber the mitigating circumstances from (c)(3)(A) through (c)(3)(I) to subdivision (c)(2)(A) through (c)(2)(I). (Stats. 2022, ch. 58, § 15.)

3.

Ordinarily, no part of the Penal Code is retroactive "unless expressly so declared." (§ 3.)  However, in *Estrada*, our Supreme Court held that a criminal statute that was silent on the issue of retroactivity applied retroactively despite the Legislature's failure to expressly declare such an intent.  (*In re Estrada*, *supra*, 63 Cal.2d at pp. 742–745.)  The rationale for this outcome—which has come to be known as the *Estrada* rule—is as follows:  when new legislation reduces the punishment for an offense and does not specify whether the statute applies prospectively or retroactively, "we presume that the legislation applies to all cases not yet final as of the legislation's effective date."  (*People v. Esquivel* (2021) 11 Cal.5th 671, 673–674.)

The *Estrada* presumption does not apply to Senate Bill 81 because the Legislature made clear that section 1385, subdivision (c) "shall apply to sentencings occurring after the effective date of the act that added this subdivision."[4]  Because defendant's sentence was imposed prior to the effective date of Senate Bill 81, January 1, 2022, it has no impact on his sentence.  (*People v. Flowers* (2022) 81 Cal.App.5th 680, 686; *People v. Sek*, *supra*, 74 Cal.App.5th 657, 675.)  Defendant's arguments do not persuade us to the contrary.

Defendant contends that Senate Bill 81 makes it mandatory for the court to strike multiple enhancements "before, during, or after trial or entry of plea," which includes after the sentence has been imposed.  Again, we disagree with defendant's analysis.  As discussed above, the provision regarding striking multiple enhancements is made explicitly prospective by subdivision (c)(7) of section 1385.  The fact that the statute states that multiple enhancements "shall" be dismissed does not impact the exclusively prospective effect of Senate Bill 81.  (See § 1385, subd. (c)(2)(B).)  Further, section 1385, subdivision (c)(3) provides in full that "[w]hile the court may exercise its

---

[4]  Assembly Bill No. 200 (2021–2022 Reg. Sess.) modified subdivision (c)(7) to its present form:  "This subdivision shall apply to all sentencings occurring after January 1, 2022."  (Stats. 2022, ch. 58, § 15(c)(7).)

discretion at sentencing, this subdivision does not prevent a court from exercising its discretion before, during, or after trial or entry of plea." That subdivision does not mean that a trial court is required to strike an enhancement any time after trial or entry of plea.[5] Nor does it require a trial court to strike an enhancement imposed prior to the effective date of the Senate Bill 81. It merely permits the trial court to strike an enhancement prior to sentencing.

Senate Bill 81 is not retroactive. Defendant's sentence need not be vacated on that basis.

## **DISPOSITION**

The judgment is affirmed.

---

[5] Defendant's suggestion that the trial court may strike an enhancement any time after a trial or plea is not a reasonable reading of section 1385, subdivision (c)(3). Defendant's reading of that section is effectively that the trial court may strike an enhancement at any time, without limitation. Such a reading would render meaningless essentially all recall of sentence provisions (e.g., § 1172.1, subd. (a)(1) [permitting a trial court to recall a sentence within 120 days of a defendant's commitment to the custody of the Department of Corrections and Rehabilitation]) and subdivision (c)(7), which was implemented as part of the same bill. Even if we thought there was some ambiguity regarding the retroactivity of Senate Bill 81—we do not—that outcome would convince us that the Legislature did not intend subdivision (c)(3) to require retroactive application of subdivision (c)(2). (See *People v. Hudson* (2006) 38 Cal.4th 1002, 1009–1010 ["interpretations that render statutory terms meaningless as surplusage are to be avoided"].)